UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Patrick Floyd,   #266391, | ) | C/A No. 3:10-924-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Robert Stevenson, Warden of Broad River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, William Patrick Floyd, is an inmate with the South Carolina Department of Corrections. He has filed this petition under 28 U.S.C. § 2254 challenging his state court conviction for murder and possession of a weapon.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation which was entered on the docket on November 30, 2011. The petitioner

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

filed timely objections which the court will address herein.

## PROCEDURAL HISTORY

Petitioner was convicted by a jury in May 2000 of murder and possession of a weapon during the commission of a crime and was sentenced to 40 years imprisonment. He filed a direct appeal of his conviction which the South Carolina Court of Appeals affirmed in December 2003 and a rehearing was denied. Petitioner then filed a petition for Writ of Certiorari with the South Carolina Supreme Court which was denied in July 2005.

On March 1, 2006, petitioner filed an application for Post Conviction Relief (PCR) raising various grounds of ineffective assistance of trial and appellate counsel. The PCR was dismissed on March 4, 2008, and plaintiff's motion to alter or amend was denied on April 11, 2008. Petitioner then filed a petition for Writ of Certiorari on the PCR ruling. The South Carolina Supreme Court transferred the petition, under S.C. App. Rule 243(1), to the Court of Appeals, which ultimately denied the Writ on March 3, 2010.

## STANDARD OF REVIEW

### *Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

### *Pro Se Litigant*

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

### *The AEDPA and 28 U.S.C. § 2254*

Petitioner filed his petition in this court on April 21, 2010.  Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case.

3

*See* 28 U.S.C. § 2244(d)(1). Respondent concedes that the petition is timely and that petitioner has exhausted his state remedies.

The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v.*

*Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing

the reasonableness of the state court's application of federal law, the federal courts are to

review the result that the state court reached, not whether [its decision] [was] well reasoned."

*Larry v. Branker*, 552 F.3d 356, 365 (4th Cir.2009) (citing *Wilson v. Ozmint*, 352 F.3d 847,

855 (4th Cir. 2003)).

DISCUSSION

*Petitioner's Grounds for Relief*

Petitioner brings various claims for relief contending that his trial counsel was

ineffective (Grounds 6 and 7); that his appellate counsel was ineffective (Grounds 1 and 2);

and that the trial court erred in certain evidentiary rules and jury charges (Grounds 3, 4, 5).

The court will address each claim in turn.

*Grounds 3 and 4 and 5: Trial Court Error*
*(Exclusion of Evidence of Attack Details and Victim's Medical Records;*
*Error in Charge on Voluntary Intoxication)*

In these grounds, petitioner argues that the trial court erred on two evidentiary issues

(Grounds 3 and 4) and in charging South Carolina law that voluntary intoxication is not a

defense (Ground 5).  The respondent contends that these claims are not cognizable because

they involve issues of state law which should not be considered by a federal court.  The

Magistrate Judge agrees, noting that under 28 U.S.C. § 2241, a federal court may not issue

a writ of habeas corpus on the basis of a perceived error of state law." *Pulley v. Harris*, 465

U.S. 37 (1984).  Moreover, issues of state law generally are not cognizable in habeas review.

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

5

The Magistrate Judge also indicates that unless the petitioner can point to a specific constitutional protection which was denied to him or show that the error in state law substantially impaired his trial's fairness or resulted in a complete miscarriage of justice, he may not obtain relief. *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976). Here, the petitioner did not allege on appeal any violation of due process.

The South Carolina Court of Appeals decided the alleged trial court error issues on the merits and found no error. The trial judge had found that the details from the fight and the victim's personal medical records, as well as the expert testimony (Grounds 3 and 4), contained inflammatory and unrelated incidents and were inadmissible as a matter of state evidentiary law because such evidence was inflammatory and remote to the incident.

With regard to petitioner's contention that the trial court's charge on voluntary intoxication was in error (Ground 5), the South Carolina Court of Appeals considered this issue and found that the charge was properly given and that petitioner himself had introduced the issue when he explained why he could not defend himself other than shooting and killing the victim because plaintiff "feared Stafford because he could not fight back effectively." The appellate court also found that in his jury charge, the trial judge firmly placed the burden on the State to disprove self-defense beyond a reasonable doubt so that the petitioner was not prejudiced.

In his objections, petitioner contends that the exclusion of this evidence by the trial court (details of the fight with the victim and admissibility of the victim's medical records) and the charge regarding voluntary intoxication impaired his trial's fairness and that he is

entitled to an evidentiary hearing under *Chance*. As noted above, petitioner did not raise in his appeals any allegations of violation of due process. His objections merely re-state his claim that the trial judge's charge impaired his trial's fairness and resulted in a miscarriage of justice, but he offers nothing in support of such objection.

This court agrees with the Magistrate Judge that such claims are not cognizable because they do not raise violations of the United States Constitution, rather they allege violations of state law and procedure. Thus, petitioner is not entitled to any relief on Grounds 3, 4, or 5 nor is he entitled to an evidentiary hearing on the matter.

*Ground 6: Ineffective Assistance of Trial Counsel*
*(Failure to Object to Inference of Malice Charge)*

Petitioner contends that his trial and appellate counsel, Jack Swerling, was ineffective for failing to adequately object and preserve for appellate review the trial judge's jury instruction concerning the "inference of malice from the use of a deadly weapon." Although trial counsel objected to the court's jury instruction, petitioner argues that his attorney should have preserved the issue better for appeal by also stating that the inference misguided the jury's deliberations and improperly intruded on the fact-finding process. Petitioner contends that this would have ultimately been reversible error on appeal.

In the case of *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. First, petitioner must show that counsel committed error, and if an error can be shown, the court must consider whether the error resulted in prejudice to the

7

defendant/petitioner.

To meet the first requirement, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. To meet the second prong, the petitioner must show that he was prejudiced. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, at the time of counsel's conduct. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. at 694-95.

Here, in Ground 6, petitioner contends that his trial counsel was ineffective for failing to object and preserve for appellate review two issues: (1) the trial court's jury instruction dealing with the inference of malice from the use of a deadly weapon; and (2) the trial court's jury instruction that self defense is not available to a person who uses language so derogatory that it is reasonably calculated to bring on the difficulty.

Under South Carolina law, murder is defined as "the killing of any person with malice aforethought either express or implied." S.C. Code. Ann. § 16-3-10. The trial judge instructed the jury that it was permitted to infer malice from the defendant's conduct in the use of handling of a deadly weapon. As the Magistrate Judge notes in his Report, for years

the law in South Carolina and other states was that the use of a deadly weapon in a homicide created a rebuttable presumption that the defendant acted with malice. In a series of cases,[3] the Supreme Court ruled that such instructions shifted the burden of proof to the defendant, thus violating due process. As a result, these decisions led to instructions that allowed jurors to draw a permissible inference that the use of a deadly weapon was accompanied by malice. *See State v. Elmore*, 279 S.C. 417 (1983). The Magistrate Judge concludes that such instructions pass constitutional muster and that petitioner's argument that the present-day instructions may have misguided the jury is without merit.

The PCR judge found that petitioner failed to show that counsel's performance was deficient under *Strickland*. Moreover, petitioner conceded at the PCR hearing that counsel *did* object to the malice charge. Counsel testified at the PCR hearing that he traditionally objected, but that the trial court's charge was a correct statement of law and he did not believe it to be a particularly strong argument. The PCR judge found no error in trial counsel's strategic decision not to raise the issue on appeal, noting that "appellate counsel is not required to raise every non-frivolous issue that is presented by the record," citing *Thrift v. State*, 302 S.C. 535, 539, 397 S.E.2d 523 (1990). *See also Griffin v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985), *citing Jones v. Barnes*, 463 U.S. 745, 751-754 (1983)("no constitutional duty to raise every nonfrivolous issue on appeal if counsel, as a matter of professional judgment, decides not to raise such issue on appeal").

---

[3] *See In re Winship*, 397 U.S. 358 (1970); *County Court of Ulster County v. Allen*, 442 U.S. 140 (1979); *Sandstrom v. Montana*, 442 U.S. 510 (1979); and *Francis v. Franklin*, 471 U.S. 307 (1985).

In his objections, petitioner contends that the permissible inference is still unconstitutional, citing *Ulster v. Allen*, 442 U.S. 140 (1979), *Mullaney v. Wilbur*, 421 U.S. 684, and *Estelle v. McGuire*, 502 U.S. 62 (1991).  He argues that the "permissive inference" instructed the jury that they could return a verdict of guilty to a murder charge if they felt the defendant was guilty of the lesser offense of voluntary manslaughter, and therefore the instruction violates Due Process.  He notes that he agrees that the malice charge is a permissible inference, but that this inference is still unconstitutional because it relieves the prosecution of proving every element beyond a reasonable doubt.  Petitioner argues that the due process clause requires the prosecution to prove beyond a reasonable doubt the absence of heat of passion on sudden provocation in a homicide case.  Petitioner also contends that the evidence in petitioner's trial warranted a charge of manslaughter and that the trial judge committed reversible error when he deleted the reference to "provocation" in his inference of malice.

A review of the record reveals that petitioner raised these same arguments in his reply to the Return to his petition for Writ of Certiorari before the South Carolina Court of Appeals following the denial of his PCR.  The petition was considered by the appellate court and denied on March 3, 2010.

The court agrees with the Magistrate Judge's recommendation that the PCR judge's findings were not contrary to or an unreasonable application of *Strickland*.

*Ground 7: Ineffective Assistance of Trial Counsel*
*(Failure to Object to Derogatory Words Charge)*

Petitioner asserts that trial counsel was ineffective for failing to properly object and preserve for appellate review, the trial judge's jury charge that "self-defense is not available to a person who uses such language so derogatory as reasonably calculated to bring on difficulty." Although trial counsel objected to the charge on the basis that "words alone are never enough to warrant an assault," petitioner contends that the real reason the charge should not have been given is because there was no evidence to suggest the difficulty was caused by derogatory words. However, petitioner conceded at the PCR hearing that counsel *did* object to the charge. The PCR judge rejected this claim and found no error in counsel's strategic decision not to raise the issue on appeal.

In his objections, petitioner argues that there was no evidence that he made derogatory remarks before the altercation. Petitioner also argues that he does not agree that such jury instruction was a correct statement of South Carolina law, citing *State v. Peay*, 321 S.C. 405 (1996); and *State v. Rivers*, 186 S.C. 221 (1938).

As noted previously in this order, petitioner conceded at the PCR hearing that his testimony at trial reflected that he may have told the decedent before the altercation that he would "kick his ass," and that such statement may have been made in jest. Defense counsel also conceded at the PCR hearing that there were sufficient facts to support the charge. Defense counsel testified that the decision not to raise this issue on appeal was a calculated, strategic decision. The PCR judge reasonably found regarding counsel's expressed strategy

11

not to raise this issue in favor of other stronger issues.

The court agrees with the Magistrate Judge's recommendation that the PCR judge's findings were not contrary to or an unreasonable application of *Strickland*.

*Grounds 1 and 2:  Ineffective Assistance of Appellate Counsel*
*(Failure to Appeal Inference of Malice Charge and Derogatory Language Charge)*

Petitioner argues that his appellate counsel (who was also petitioner's trial counsel) was ineffective for failing to raise the alleged improper malice and self-defense jury instructions by the trial court on direct appeal.

The PCR court noted that petitioner's trial and appellate counsel, Mr. Swerling, is a "particularly experienced appellate counsel" and that "appellate counsel is not required to raise every non-frivolous issued that is presented by the record, citing *Thrift v. State*, 302 S.C. 535, 539 (1990).  *See also Griffin v. Aiken*, 775 F.2d 1226, 1235 (4th Cir. 1985), *citing Jones v. Barnes*, 463 U.S. 745, 751–754 (1983).  The PCR judge also determined that the trial judge properly charged the applicable law on the charge of murder and that had this issue been raised on appeal, it would not have been successful.  The PCR court found that counsel determined the merit of the issues and argued his best issues on appeal.

Petitioner claims that a portion of the trial courts charge—specifically the phrase "without just cause or excuse"—relieved the State of its burden of proving the absence of "heat of passion upon provocation" which the respondent suggests is disproving of the elements of voluntary manslaughter—which was not at issue and was not charged as a lesser included offense.  Petitioner conceded at the PCR hearing that he consulted with trial counsel

12

and they determined that they would not seek a manslaughter charge.

With regard to the derogatory statement issue, petitioner conceded at the PCR hearing

that his testimony at trial reflected that he may have told the decedent before the altercation

that he would "kick his a\*\*," and that such statement may have been made in jest.  Defense

counsel also conceded at the PCR hearing that there were sufficient facts to support the

charge.  Defense counsel testified that the decision not to raise this issue on appeal was a

calculated, strategic decision.

The court agrees with the Magistrate Judge's recommendation that the PCR judge's

findings applied clearly established federal law to the facts fully supported by the evidence

and there was not an unreasonable application of *Strickland*.

CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and

Recommendation, and the objections thereto, the court finds the Magistrate Judge's

recommendation fairly and accurately summarizes the facts and applies the correct principles

of law.  The court, therefore, adopts the recommendation of the Magistrate Judge in full and

incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment (ECF No. 15) is granted and

the habeas petition is denied.

A certificate of appealability will not issue absent "a substantial showing of the denial

of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by

demonstrating that reasonable jurists would find both that his constitutional claims are

13

debatable and that any dispositive procedural rulings by the district court are also debatable

or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S.

473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the

court finds that the petitioner has failed to make "a substantial showing of the denial of a

constitutional right." For this reason, and for those stated herein, the petitioner's motion for

a certificate of appealability is denied.[4]

       IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

March 16, 2011
Columbia, South Carolina

---

[4] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.